IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITADELLE INTERESTS, LLC                :
1212 New York Avenue, NW, Suite 900     :
Washington, DC 20005                    :
                                        :
    Plaintiff,                          :
                                        :     Civil Action No.: _____
v.                                      :
                                        :
FREDERIK DE PUE                         :
5701 Ridgefield Road                    :
Bethesda, MD 20816                      :
                                        :
    Defendant.                          :

## COMPLAINT FOR MONEY DAMAGES

The Plaintiff, CITADELLE INTERESTS, LLC states as follows in support of its Complaint in this matter.

### Parties

1. Plaintiff, Citadelle Interests, LLC ("Citadelle") is a District of Columbia limited liability company which owns certain real property located at 405 Eighth Street, NW, Washington DC. Citadelle is in the business of, among other things, the ownership and leasing of real property.

2. Upon information and belief, the Defendant Frederik De Pue is a resident of the State of Maryland, transacting business in the District of Columbia.

### Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the sum specified in 28 U.S.C. §1332.

## Venue

4.      Venue is proper in this Court in that the Guaranty Agreement that is the subject of this litigation relates to property located within the District of Columbia, and the Defendant has at all times transacted business in the District of Columbia and agreed to guarantee a lease for real property in the District of Columbia.

## General Allegations

5.      Citadelle is the owner of certain real property located in the District of Columbia and commonly referred to as 405 Eighth Street, NW, Washington, DC ("Property").

6.      In August, 2012, Citadelle entered into a Lease Agreement with BORD'EAU, LLC ("Tenant") whereby Tenant agreed to lease the Property in accordance with the terms and conditions of such Lease Agreement. A true copy of the Lease Agreement is attached hereto as Exhibit "A".

7.      On or about March 7, 2013, the Lease Agreement was amended to, among other things, establish the Lease Commencement Date and Rent Commencement Date. A true copy of the Amendment to Lease Agreement is attached hereto as Exhibit "B".

8.      Defendant Frederik De Pue ("Guarantor") also executed the Lease Agreement as Guarantor, and specifically agreed, pursuant to Article XIX to unconditionally guarantee the full performance and observation of all of the covenants, conditions and agreements contained in the Lease Agreement to be performed and observed by the Tenant.

9.      BORD'EAU breached and defaulted on the lease by, *inter alia*, failing and refusing to pay rent and additional rent due under the terms of the Lease Agreement.

10.     On or about November 20, 2014, Citadelle declared BORD'EAU to be in default of the Lease Agreement. A true copy of the Notice of Default is attached hereto as Exhibit "C".

11. BORD'EAU has abandoned and/or vacated the Property.

12. There is currently due and owing to Citadelle under the terms of the Lease the sum of $482,528.03 through November 30, 2014 from BORD'EAU and De Pue pursuant to the terms of the Lease Agreement, exclusive of interest, late fees and attorneys' fees permitted by the Lease Agreement.

13. In addition, pursuant to the terms of the Lease Agreement, including but not limited to Section 17.3, monthly minimum rent and additional rent continues to accrue, and Citadelle is also entitled to recover various costs and expenses for reentering and repossessing the Property, protecting and preserving the Property, and in re-letting the Property, less a credit, if any, for net proceeds realized in any re-letting. Such amounts are not yet known, but are estimated to exceed $4,000,000.00 less a credit for any net proceeds realized in re-letting the Property.

## COUNT I
### (Breach of Guarantee of Lease Agreement)

14. Citadelle incorporates by reference the allegations of paragraphs 1 through 13 as if fully set forth herein.

15. Pursuant to Article XIX of the Lease Agreement, De Pue agreed to unconditionally guarantee the full performance and observation of all of the covenants, conditions and agreements contained in the Lease to be performed and observed by Tenant. Guarantor further agreed that liability pursuant to the Guaranty shall be primary and that the Landlord had the right, at its option, to proceed against Guarantor or Tenant, jointly or severally and is entitled to proceed against the Guarantor regardless of whether any judgment has been obtained against Tenant.

16. The amount due pursuant to the Guaranty as of November 30, 2014 is $482,528.03, exclusive of interest, late fees and attorneys' fees, none of which has been paid by Guarantor or Tenant. Pursuant to Article XIX of the Lease Agreement, De Pue is liable to Citadelle for such amounts.

17. In addition, De Pue is liable for all cost, loss and expense incurred by Citadelle to reenter and repossess the Property, protect and preserve the Property, and in re-letting the Property, plus minimum rent and additional rent as defined in the Lease Agreement for the remainder of the term. Such amounts are not yet known but are estimated to exceed $4,000,000.00, less a credit for any net proceeds realized in re-letting the Property, exclusive of interest, late fees and legal fees.

18. Landlord has performed all of its obligations under the terms of the Lease Agreement except to the extent waived, excused or prevented.

WHEREFORE, Plaintiff Citadelle Interests, LLC respectfully requests judgment as follows against Frederik De Pue:

(a) For judgment in the amount of $4,482,528.03, less a credit for any net proceeds realized in re-letting the Property, or such amounts as the evidence may show;

(b) Pursuant to Section 17.3 of the Lease Agreement, for all costs incurred by Landlord, including reasonable attorneys' fees, with respect to this action to enforce the terms of the Lease;

(c) For late fees as applicable under the terms of the Lease Agreement, plus interest on amounts due at the rate or 5% per annum pursuant to Section 4.3 of the Lease Agreement;

(d) For its costs of suit herein; and

(e) For such other and further relief as the Court may deem just and appropriate.

Respectfully submitted.

/s/ Joseph H. Kasimer
Joseph H. Kasimer, Esquire
DC Bar No. 230565
Gina L. Schaecher, Esquire
DC Bar No. 474018
REES BROOME, PC
1900 Gallows Road, Suite 700
Tysons Corner, VA 22182
(703) 790-1911
Fax No. (703) 790-7261
Email: jkasimer@reesbroome.com
Email: gschaecher@reesbroome.com
*Counsel for Plaintiff Citadelle Interests, LLC*

K:\31\31417\00001\PLDNGS\141215 Complaint for Money Damages.docx