**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CITADELLE INTERESTS, LLC** )<br>)<br>    **Plaintiff** )<br>)<br>v. )<br>)<br>**FREDERIK DE PUE** )<br>)<br>    **Defendant** )<br>* * * * * * * * * * * * * * * * * * * * * )<br>**FREDERIK DE PUE** )<br>)<br>    **Defendant/Counter Plaintiff** )<br>)<br>v. )<br>)<br>**CITADELLE INTERESTS, LLC** )<br>)<br>    **Plaintiff/Counter-Defendant** )<br>* * * * * * * * * * * * * * * * * * * * * )<br>**FREDERIK DE PUE** )<br>)<br>    **Third Party Plaintiff** )<br>)<br>v. )<br>)<br>**HOSSEIN FATEH** )<br>**2200 Kalorama Road, NW** )<br>**Washington, DC 20008** )<br>)<br>    **Third Party Defendant** ) | **Civil Action No. 1:14-cv-02183-EGS** |

**DEFENDANT FREDERIK DE PUE'S VERIFIED COUNTERCLAIM**
**AGAINST PLAINTIFF AND VERIFIED THIRD PARTY**
<u>**CLAIMS AGAINST THIRD PARTY DEFENDANT**</u>

Defendant/Counter-Plaintiff Frederik De Pue ("De Pue"), by counsel, pursuant to Fed. R. Civ. P. 13, hereby files his counterclaim against Plaintiff/Counter-Defendant Citadelle Interests, LLC ("Citadelle"), and pursuant to Fed. R. Civ. P. 14, hereby files his third party claims against Third Party Defendant Hossein Fateh ("Hossein"), and for his causes of action, states as follows:

1. Due Pue is a resident of the State of Maryland.

2. Upon information and belief, Hossein is an adult resident of the District of Columbia.

3. Citadelle is a corporation organized under the laws of the District of Columbia.

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the sum specified in 28 U.S.C. §1332.

5. Venue is proper in this Court in that the Lease Agreement that is the subject of this litigation relates to property located within the District of Columbia, and the Counter-Defendant and the Third Party Defendant have at all times transacted business in the District of Columbia.

## Background Facts

6. Bord'Eau is a limited liability company organized and existing pursuant to the laws of the District of Columbia. Bord'Eau has two members: Seasons, a Delaware limited liability company owned by Dalia Fateh ("Fateh"), and De Pue, LLC, a Maryland limited liability company.

7. Table DC, LLC ("Table") is a limited liability company organized and existing pursuant to the laws of the District of Columbia. Table has two members: Seasons and De Pue, LLC.

8. Bord'Eau and Table were created as part of an agreement to open restaurants.

9. While no written agreement was executed, Fateh contributed funds and Frederik De Pue contributed his catering company, 42nd Degree Catering Company, LLC ("42 Degree") to Bord'Eau.

10. At the suggestion of Hossein, Fateh's husband, De Pue and Fateh did not distinguish between which funds would be used to pay for Bord'Eau's expenses.

11. Fateh was aware of, and agreed to, the operation of the businesses in this manner.

12. Starting on November 1, 2013, all of the revenue generated by 42 Degree was deposited into Bord'Eau's bank account at the Bank of Georgetown.

13. Revenues from 42 Degree were used, in part, to pay for Bord'Eau's expenses.

14. At all times, Fateh was aware the funds from one limited liability company were used to fund the expenses of the other limited liability companies, as necessary.

15. When Frederik De Pue, LLC removed alcohol from the Bord'Eau premises, Fateh was aware and agreed that the alcohol would be moved to the Table premises where that alcohol was used and sold.

16. Hossein was aware and, in fact, insisted that some of Bord'Eau's expenses and debt service be paid for with Table's funds.

17. Frederik De Pue, LLC was the original manager of Bord'Eau until removed by Fateh and Seasons.

18. Frederik De Pue was never the manager of Bord'Eau nor ever held himself out to be Bord'Eau's manager.

19. In August, 2012, Citadelle entered into a lease with Bord'Eau (the "Lease") for the premises located at 405 Eighth Street, NW, Washington, DC (the "Premises").

20. Hossein, who owns Citadelle, required that Fredrik De Pue, but not his wife, Fateh, guarantee the Lease.

21. In November, 2104, Hossein Fateh and Citadelle asserted that Bord'Eau was in default under its lease obligations and prevented Bord'Eau from using the Premises.

22. Hossein assured Frederik De Pue that the Premises could be used for catering at least until December 31, 2014 to honor existing catering contracts.

23. After Citadelle, owned by Fateh's husband Hossein, prevented Bord'Eau from using the premises, Fateh and Seasons purported to remove Fredrik De Pue, LLC as Bord'Eau's manager.

24. Since they removed Frederik De Pue, LLC as Bord'Eau's manager, Fateh and Seasons have been acting as, and holding themselves out as, Bord'Eau's manager.

25. Hossein and Citadelle caused Bord'Eau and Frederik De Pue to lose revenue by refusing to allow 42 Degree to cater events at the Bord'Eau premises even though they knew the revenue from these events would be deposited into Bord'Eau's bank account and would be used to fund either Bord'Eau or Table expenses.

## Count I
### (Tortious Interference against Hossein Fateh and Citadelle)

26. Defendants incorporate by reference the allegations of paragraphs 1 through 25 of this Third Party Complaint.

27. Frederik De Pue's catering company had several catering events scheduled at the Premises for December, 2014.

28. In December, 2014, Hossein and Citadelle made sure that Frederik de Pue and 42 Degree could not use the premises for already scheduled catering events.

29. Upon information and belief, Hossein and/or his wife, Dalia Fateh informed Frederik De Pue's catering clients with whom agreements had been reached that they could arrange for the use of Bord'Eau's premises only if the client used a caterer other than Frederik De Pue.

30. Hossein and Citadelle intentionally took actions that were designed to interfere with Frederik De Pue's catering business and his catering clients.

31. Hossein's and Citadelle's interference caused Frederik De Pue to lose existing catering clients' business.

32. As a result of Hossein's and Citadelle's action, Frederik De Pue has been damaged and has lost revenue and clients.

**WHEREFORE**, Frederik De Pue prays that this Court enter a judgment against Hossein and Citadelle, jointly and severally, in an amount of no less than $100,000.00, award Frederik De Pue attorneys' fees, and grant such other and further relief as is just and proper.

### Count II
### (Breach of Contract Against Citadelle)

33. Frederik De Pue incorporates by reference the allegations of paragraphs 1 through 25 of this Third Party Complaint.

34. Citadelle, as landlord, had an obligation to charge Bord'Eau rent in accordance with the Lease.

35. Citadelle wrongfully asserted that Bord'Eau was in default under the terms of the Lease.

36. Citadelle's actions in defaulting Bord'Eau under the terms of the Lease is a breach of the Lease and De Pue's guaranty obligations under the Lease.

37.     Citadelle has wrongfully filed a lawsuit asserting that it was owed $482,528.03 under the Lease as of November 30, 2104.

38.     Hossein agreed that the rent for the Premises would be $18,000 per month from October, 2013 to October, 2014.

39.     Hossein acknowledged that the rent paid was in 2014 was $126,000.

40.     On September 29, 2014, Hossein advised Frederik De Pue the three months rent of $18,000.00 per month was owed.

41.     The rent owed in November, 2104 for the Premises was not $482,528.03.

42.     Hossein assured Frederik De Pue that the Premises could be used to catering through at least December 31, 2014 and then refused Frederik De Pue access to the Premises.

43.     Citadelle's actions in breaching the lease have caused damages to De Pue in an amount to be determined at trial

**WHEREFORE**, Frederik De Pue prays that this Court enter a judgment against Citadelle in an amount to be determined at trial, award Third Party Plaintiff attorneys' fees, and grant such other and further relief as is just and proper.

    Respectfully submitted,

    **SHULMAN, ROGERS, GANDAL,**
    **PORDY & ECKER, P.A.**

By:     /s/  Michael J. Lichtenstein
    Michael J. Lichtenstein, Esquire
    DC Bar No. 419302
    12505 Park Potomac Avenue, Sixth Floor
    Potomac, Maryland 20854
    TEL:   (301) 230-5231
    FAX:   (301) 230-2891
    Email: mjl@shulmanrogers.com
    *Attorney for Defendant Frederik De Pue*

## CERTIFICATE OF SERVICE

The following parties received electronic notice of this filing – **Defendant Frederik De Pue's Verified Counterclaim against Plaintiff and Verified Third Party Claims against Third Party Defendant and Affidavit** – this 20th day of January, 2015:

      Joseph H. Kaslmer      jkasimer@kasannlaw.com
      *Counsel for Plaintiff*

The Third Party Claims will be served on the Third Party Defendant by Special Process Server, with the appropriate Affidavit of Service filed with the Court once service is complete.

      /s/  Michael J. Lichtenstein
      Michael J. Lichtenstein

F: 119936.00006
5204416_1.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITADELLE INTERESTS, LLC** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-02183-EGS |
| ) | |
| **FREDERIK DE PUE** ) | |
| ) | |
| **Defendant** ) | |
| * * * * * * * * * * * * * * * * * * * * * * ) | |
| **FREDERIK DE PUE** ) | |
| ) | |
| **Defendant/Counter Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | |
| **CITADELLE INTERESTS, LLC** ) | |
| ) | |
| **Plaintiff/Counter-Defendant** ) | |
| * * * * * * * * * * * * * * * * * * * * * * ) | |
| **FREDERIK DE PUE** ) | |
| ) | |
| **Third Party Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | |
| **HOSSEIN FATEH** ) | |
| ) | |
| **Third Party Defendant** ) | |

**AFFIDAVIT OF FREDERIK DE PUE**

I do hereby declare and affirm under the penalties of perjury that the contents of the following Affidavit are true and correct to the best of my knowledge:

1.      I am an adult and legal resident of the United States of America, free from any legal disability and competent to testify to the facts and matters set forth in this Affidavit, which facts and matters are stated upon my own personal knowledge.

2. I am the sole owner of Frederik De Pue, LLC

3. The allegations set forth in the attached Counterclaim and Third Party Complaint are true and correct.

       /s/  Frederik De Pue
      Frederik De Pue

Dated:   January 20, 2015